■ MARGARET DOYLE, Appellant, v AT&T CORPORATION et al., Respondents. [760 NYS2d 503] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Hall, J.), dated February 15, 2002, which granted the motion of the defendant AT&T Corporation, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and, sua sponte, dismissed the complaint as to the defendant West Corporation, formerly known as West Teleservices Corporation.

Ordered that the order is affirmed, with costs.

The defendant AT&T Corporation (hereinafter AT&T) filed a tariff increasing its international calling rates under a particular plan (hereinafter the plan) after allegedly inducing the plaintiff to join the plan by claiming that the rates charged thereunder would not be altered as long as she remained a customer. It is undisputed that the plaintiff was not charged the higher rates until after AT&T properly filed its new tariff with the Federal Communications Commission.

The Supreme Court properly dismissed the complaint as barred by the so-called "filed rate doctrine." That doctrine provides that "a consumer plaintiff has no cause of action, and no genuine claim for damages against a member of a regulated industry, when he [or she] has paid the rates filed with the regulatory commission" (*Porr v NYNEX Corp.*, 230 AD2d 564, 568 [1997]). The fact that the representative calling the plaintiff on behalf of AT&T allegedly guaranteed that the company would not change the applicable rates does not warrant ·a different conclusion. The relevant tariff on file at the time the representative allegedly made those representations explicitly provided that any statements made to the customer did not constitute warranties, that all prior agreements were deemed superseded upon the customer's subscription, that the tariff represented the exclusive expression of the parties' relationship, and that the tariff could be altered by a subsequent tariff filing. Under the filed rate doctrine, the plaintiff is presumed to have had knowledge of this information, and so could not have been misled by the representative's alleged comments (*id.*). Therefore, the Supreme Court correctly dismissed the complaint. Goldstein, J.P., Luciano, H. Miller and Schmidt, JJ., concur.